**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

**Don COLE, Appellee.**

No. 17460.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 28, 1973.

Rehearing Denied Jan. 25, 1974.

Akin, Gump, Strauss, Hauer & Feld, and Thomas P. Goranson, Dallas, for appellant.

Coleman, Whitten & Philips, and Michael J Whitten, Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

Appeal from order overruling Plea of Privilege.

Don Cole purchased an automobile, giving a mortgage thereon as security upon his note to the Ford Motor Credit Company for the amount of the purchase price which it financed. Cole became in default upon his obligation under provisions of the note. Consequently, under the provisions of the mortgage, Ford Motor Credit sought to repossess the automobile. Cole, present at the time, denied the right of repossession and declared that the automobile could not be taken from him without an order by a court. By reason of Cole's denial of the right to repossess the agents of Ford Motor Credit left the premises.

Later, however, the repossession agents appeared with a "wrecker" during the early morning hours and while Cole and his family were asleep hooked onto the subject automobile and dragged it away and reduced it to possession by Ford Motor Credit.

In the automobile, at time of the repossession, were some articles of personal property of Cole and his family. A few months later the property was returned by Ford Motor Credit with receipt therefor obtained. Pending by such time was Cole's suit, filed in Denton County where the repossession occurred; also pending was Ford Motor Credit Company's plea of privilege to have the suit removed to Dallas County. The trial court overruled the plea of privilege and the instant appeal was taken.

Affirmed.

On appeal the principal presentation is upon the conduct whereby repossession was accomplished rather than upon the right to repossess. On the general field see 99 A. L.R.2d 358, Annotation: "What conduct by repossessing chattel mortgagee or conditional vendor entails tort liability." The annotation follows Manhattan Credit Co. v. Brewer, 232 Ark. 976, 341 S.W.2d 765, 99 A.L.R.2d 354 (1961), a case relied upon by appellee Cole.

Applicable language from the mortgage instrument reads as follows: "Time is of

the essence of this contract. In the event Buyer defaults in any payment . . . . Seller shall have the right to declare all amounts due or to become due hereunder to be immediately due and payable and Seller shall have all the rights and remedies of a Secured Party under the Uniform Commercial Code, V.T.C.A. including the right to repossess the Property wherever the same may be found with free right of entry, and to recondition and sell the same at public or private sale. . . . Any personalty in or attached to the Property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession. . . . "

In the Uniform Commercial Code, Title 1, Ch. 9, "Secured Transactions", Sec. 9.-503, V.T.C.A. "Secured Party's Right to Take Possession After Default" is provided: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. . . . "

■ In Texas, at least since Singer Sewing Machine Co. v. Rios, 96 Tex. 174, 71 S.W. 275 (1903), stipulations of the character we have quoted from the contract have been held valid as applied to the collateral security, and the mortgagee may take peaceable possession of the property without the consent, and even over the protest, of the mortgagor.

■ By the evidence of Cole himself there was no force or fraud in the accomplished repossession which took place during the nighttime, of which repossession he was not even aware at the time it occurred. It was not a theft because it is without dispute that Ford Motor Credit acted under a bona fide claim of right. Proof thereof would be a legal defense to a charge of theft because it negates the el-ement of a fraudulent taking. Hudiburg Chevrolet, Inc. v. Globe Indemnity Co., 394 S.W.2d 792 (Tex.Sup.1965).

■ Undoubtedly there would have been danger in an attempt to repossess the automobile on the earlier occasion when Cole confronted the repossession agents and denied them the right to take the automobile until such time as they had the authority by an order of the court. To have then insisted upon repossessing the automobile would present the probability that such could not have been effected peaceably. However, the only effect of the agents' departure and cessation of attempted repossession was to relegate them to either the processes of court or to a posture of watchful waiting until such a time when a peaceful repossession might be effected. They had resort to the latter alternative and by stealth the repossession was accomplished on a subsequent occasion. No breach of the peace occurred, or was even threatened, at any stage of the process whereby their objective was accomplished. In such a circumstance it might properly be said that there had been a peaceful repossession.

In accord is Salmon v. Fidelity Bank & Trust Co., 258 S.W.2d 837 (Fort Worth Civ.App., 1953, no writ history); Pacific Finance Corp. v. Crouch, 243 S.W.2d 432 (Texarkana Civ.App., 1951, no writ history); Collins v. Ford Motor Credit Company, 454 S.W.2d 469 (Beaumont Civ.App., 1970, no writ history); and Phil Phillips Ford, Inc. v. St. Paul Fire & Mar. Ins. Co., 465 S.W.2d 933, 938 (Tex.Sup., 1971).

■ However, despite the fact that Cole is not entitled under a theory of unlawful conversion to retain venue of the suit in Denton Court (by what is stated above) under provisions of Vernon's Ann.Tex. Civ.St. Art. 1995, "Venue, general rule", Subd. 9., "Crime or trespass", we have concluded that he is entitled to accomplish the same result as a consequence of having sued for the value of the articles which were in the automobile at the time it was

repossessed; and this despite the fact that by the time the plea of privilege was heard the articles had been returned to him.

▮ From language of the parties' contract, above quoted, they had contracted not only as applied to the repossession of the automobile, but also as applied to what might be contents—as personal property—in the automobile at the time of repossession. Obviously this property was not such as qualified as security of any kind belonging to Ford Motor Credit Company. While unnecessary to any holding in the present instance relative to the legality of the provision that Cole would have waived any claim to the articles of property unless he made written demand therefor by certified mail within 24 hours after the automobile was repossessed, there is no doubt that he would be entitled to maintain a suit for the value of such property, as having been converted by Ford Motor Credit; or, in the event of the return of the articles of property a suit for the damages by reason of antecedent deprivation of use of the articles. See 14 Tex.Jur.2d 63, "Conversion", Sec. 74, "Effect of tender or return of converted personalty". This is so because it would not be permissible to construe the language of the contract to permit Ford Motor Credit to be exempted from liability in the event it should convert unsecured property of its mortgagor. As so construed the contract would be unenforceable as contrary to the public policy of this state. 13 Tex.Jur.2d 385, "Contracts", Sec. 182 "(Contracts affecting administration of justice by courts)—Agreements to avoid or limit liability for damages".

▮ Since Cole can sustain venue of his suit as applied to his personal property under Art. 1995, Subd. 9, "Crime or trespass", he is also entitled to maintain the joinable claim against Ford Motor Credit on the theory that it had effected a conversion of the automobile. 1 McDonald Texas Civil Practice, p. 558, "Venue", Sec. 4.38, "Venue Effect of Joinder of Claims".

On the matter, generally, see 35 A.L.R. 3d 1016, Annotation: "Punitive Damages for Wrongful Seizure of Chattel by One Claiming Security Interest". In A. B. Lewis Company v. Robinson, 339 S.W.2d 731 (Houston Civ.App., 1960, no writ history) recovery was allowed for personal property within an automobile at time of its repossession, though in that case the repossession of the automobile itself was held to have been wrongful. The same seems to have been true in the following cases, which are nevertheless of some value on the question: Wright Titus, Inc. v. Swafford, 133 S.W.2d 287 (Austin Civ. App., 1939, writ dism.) and Pacific Finance Corporation v. Gilkerson, 217 S.W. 2d 440 (Beaumont Civ.App., 1948, writ ref., n.r.e.).

Judgment is affirmed.