Danny THORNHILL, Appellant,

v.

SHARPSTOWN DODGE SALES, INC.,
et al., Appellees.

No. 7896.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 30, 1976.

Bob Chrane, Houston, for appellant.

Stephen S. Mims, Michael A. Henry,
Houston, for appellee.

KEITH, Justice.

Plaintiff below appeals from an adverse judgment rendered after the trial court peremptorily instructed the jury to return a verdict in favor of the defendants. We affirm.

Plaintiff purchased a van from Sharpstown Dodge, Inc. ("Sharpstown") and the vehicle was financed by Chrysler Credit Corporation ("Chrysler"). A few months later, after he had sold the van and the indebtedness had been paid off, he sued

**152**

Sharpstown and Chrysler under the Texas Consumer Credit Code, Chapters 7 and 8,[1] to recover the statutory forfeiture (under § 8.01) for alleged violations by Sharpstown in (a) charging a time price differential greater than that authorized by law (under § 7.03, subdivisions 1 and 2) in connection with the retail credit sale of a new vehicle, and in (b) requiring plaintiff to carry physical damage property insurance and charging for credit life, accident, and health insurance while failing to state in the contract the kind, coverage, term and amount of premium for such insurance (under § 7.06, subdivisions 1, 2, and 5).

As against Chrysler, plaintiff sought to modify the amount of the contract in Chrysler's hands by the amount of the penalty or forfeiture he recovered against Sharpstown.

Under the undisputed record, the amount financed was $5,292.38 and the finance charge was $1,403.26, making a total of $6,695.64 to be paid in forty-two monthly installments of $159.42, commencing April 9, 1975, with the last installment to mature September 9, 1978. Plaintiff contended that Sharpstown charged him *forty-two cents too much interest* on the principal balance with the credit extending over a forty-two month period. Thus, he invokes his right to the statutory penalties on his calculation of an excessive charge of one cent per month.

At the time plaintiff purchased the van, he was informed that he would have to carry physical damage insurance and he procured the necessary coverage a week later from Allstate Insurance Company by deleting his trade-in, adding the new van, and paying an increased premium on his existing policy.

Plaintiff also complained that Sharpstown did not make a full disclosure in writing of the nature of the credit life and accident and health insurance for which it charged a premium.

At the close of plaintiff's case, the trial court sustained the oral motions for peremptory instruction made by the two defendants below.[2]

Since the appeal is from an instructed verdict, we must follow the rule laid down in *Constant v. Howe*, 436 S.W.2d 115, 116 (Tex.1968), by accepting as true the evidence in the record supporting plaintiff's allegations, by resolving all conflicts and inconsistencies in his favor, and drawing all inferences therefrom most favorable to his alleged cause of action.

But, there is an equally well established rule in our jurisprudence, *de minimis non curat lex*: "The law does not care for, or take notice of, very small or trifling matters." Black's Law Dictionary (Rev. 4th Ed. 1968, p. 482. Whether plaintiff's calculations are used or those of the defendants,[3] it appears that the difference is so slight that competent mathematicians might disagree as to which, if either, is the absolutely "correct" amount.

The definition of "month" as it appears in Art. 5069–2.01(j),[4] reproduced in the margin, for instance, shows the difficulty of achieving absolute accuracy. Then, too, the period involved in this particular note even included a leap year.

1. Tex.Rev.Civ.Stat.Ann. art. 5069–7.01, et seq., and art. 5069–8.01, et seq. All statutory references hereinafter will refer to the articles in the code and to the subsections herein noted unless otherwise indicated.

2. Plaintiff has no point of error complaining of the failure of defendants to include the specific grounds of their motions for peremptory instruction. *See Tex.R.Civ.P.* 268. Thus, the informality of presenting the motion has been waived. *Routte v. Guarino*, 216 S.W.2d 607, 610 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.); *Bell v. Currie*, 404 S.W.2d 321, 324 (Tex.Civ.App.—Amarillo 1966, no writ).

3. Chrysler's counsel, including his detailed mathematical calculations in his brief, argues that Sharpstown actually left some money on the table, charging plaintiff sixty-seven cents *less* than the statutory maximum.

4. " 'Month' means that period of time from one date in a calendar month to the corresponding date in the following calendar month, but if there is no such corresponding date then the last day of such following calendar month, and when computations are made for a fraction of a month a day shall be one-thirtieth of a month."

Plaintiff was frank to admit that he used the alleged forty-two cents overcharge as a means of getting Sharpstown into court: He testified: "That [the interest calculation] is the only thing they had—they messed up on. . . . That is the only way I could get them to court"—presumably, for some unrelated purpose.

Many years ago, the rule governing this case was laid down in *Peightal v. Cotton States Bldg. Co.*, 25 Tex.Civ.App. 390, 61 S.W. 428, 432 (Tex.Civ.App.—San Antonio 1901, no writ):

> "The contention of appellants that the taking by appellee as interest of $4.20, instead of $4.16⅔ per month, ipso facto shows usury cannot be maintained. 'Where the amount of interest taken above the legal rate is trivial, the maximum "De minimis non curat lex," is applicable. The taking of an insignificant amount would have a tendency rather to disprove than to prove usury; for any one intending to take more profit upon a loan of money than the law would hardly be content with an exceeding small amount.' Webb, Usury, § 210."

In the three quarters of a century ensuing since this pronouncement, the rule has never been challenged. Indeed, this court in *Miller v. Gibralter Sav. & Bldg. Ass'n*, 132 S.W.2d 606, 607 (Tex.Civ.App.—Beaumont 1939, writ dism'd, jdgmt. cor.), followed the rule set out above, saying:

> "The fact that the contract imposed as interest 4 cents per year more than the legal rate did not render it usurious. In such case the slight excess is disregarded. *Peightal v. Cotton States Bldg. Co.*, 25 Tex.Civ.App. 390, 61 S.W. 428."

■ All of plaintiff's points of error contending that the contract was usurious are overruled.

We also overrule plaintiff's contentions that he is entitled to prevail because Sharpstown did not advise him of the amount of the premium upon the physical property damage insurance policy and the coverage for the health and accident policy. In his testimony, plaintiff said:

> "Q. They [Sharpstown] asked you about insurance?
>
> "A. They said, 'What about insurance?' And I said, 'I will get my own.'"

Earlier, plaintiff had testified that he knew the cost of the physical damage insurance since he had purchased it from an agent of Allstate Insurance Company at Sears and had paid the premiums therefor. He readily acknowledged that he knew that the premium was higher upon his new van than it was upon the older car which he traded in on the van.

Thus, it is clear, from plaintiff's own testimony, that he did not "procure" his insurance from Sharpstown and it is equally certain that he learned the extent of his obligation concerning physical damage insurance from Allstate, not Sharpstown.

■ Thus, we are in accord with the statement in *McDonald v. Savoy*, 501 S.W.2d 400, 404 (Tex.Civ.App.—San Antonio 1973, no writ), where that court conceded that "it would be unreasonable to require a disclosure of the cost of the insurance when it is not procured from or through the seller."

■ Finally, plaintiff complains of the refusal of the trial court to allow his attorney's fees which he sought. Since plaintiff made no recovery, he was not entitled to recover attorney's fees. See Art. 5069–1.06.

The judgment of the trial court is affirmed.

STEPHENSON, J., not participating.