**HARRIS COUNTY and Harris County Commissioners Court, Appellants.**

v.

**SUBURBAN UTILITY COMPANY, Appellee.**

**No. 16829.**

Court of Civil Appeals of Texas, Houston (First Dist.).

Feb. 17, 1977.

Joe Resweber, County Atty., Michael R. Davis, Asst. County Atty., Houston, for appellants.

Sears & Burns, Robert L. Burns, Houston, for appellee.

PEDEN, Justice.

Harris County and the Harris County Commissioners Court appeal from the sustaining of a plea to the jurisdiction filed by the defendant, Suburban Utility Company. Appellants brought this suit under Article 2372q–1, V.C.S., which granted to commissioners courts of counties having a population of 1,500,000 or more the authority to regulate certain private water companies and to enforce their decisions through injunctions and by collection of civil penalties.

Appellants' original petition, filed on April 20, 1976, alleged that Suburban Utility violated Article 2372q–1 by failing to file with Commissioners Court its schedule of effective rates as required by the statute and by notifying certain of its subscribers, without first requesting a hearing or submitting its proposed new rates to the Commissioners Court, that beginning on January 1, 1976, it would charge rates other than those then in effect. Appellants sought a permanent injunction and a civil penalty of $1,000 for each day of violation.

On June 17, 1976, the appellants filed a motion asking that Suburban Utility Company be required to show cause 1) why it should not be temporarily enjoined from charging rates higher than those in effect on September 1, 1975, and 2) why it should not be fined "not less than $1,000 for each day of violation of Article 2372q–1" because of its failure to file its rate schedule and its failure to give notice before raising any rates.

Suburban Utility's plea to the jurisdiction asserted that the trial court did not have jurisdiction over the suit, that it was moot, and that "there is not enough time remaining for final trial and judgment and for completion of the appellate process though the Supreme Court by the unsuccessful par-

ty before the statute under which Plaintiffs are suing is terminated by repeal, and the repealing act does not contain a provision saving suits pending under the repealed statute." Further, that the statute under which the plaintiffs seek relief, Article 2372q–1 will be repealed on September 1, 1976, by Article 1446c. This plea to the jurisdiction was granted by the trial court on August 25, 1976.

The appellants' only point of error is: "The district court erred in dismissing the suit of Appellants to impose civil penalties upon appellee under the provisions of Article 2372q–1, V.C.S." The appellants say that they retained power over Suburban Utility Co. until September 1, 1976, when Art. 1446c excluded them from exercising new authority over Suburban. They explain that their appeal is directed against the trial court's conclusion that if the underlying statute ceased to exist, then the special remedies which it allowed also ceased, together with unconcluded actions brought under the statute. They contend that had the court not dismissed their suit, they would have, in the six days remaining before September 1, 1976, "succeeded in a (pending) motion for summary judgment" and that once the finding of liability for civil penalty had been entered, that finding would have been saved from becoming a nullity following the repeal of Article 2372q–1 by Article 1446c.

■ The record before us does not show that the appellants had filed a motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, to impose civil penalties. It appears that the motion to which they refer was the one we have mentioned whereby Suburban Utility was given notice to appear and show cause why it should not be fined ". . . not less than $1,000 for each day of violation of Article 2372q–1 . . ." Since Art. 2372q–1 did not provide that civil penalties may be recovered by summary proceedings, the ordinary mode of proceeding must be used. 70 C.J.S. Penalties § 8e(1), 399. We can perceive no possible means by which the appellants could have, within the six days

remaining, obtained a finding of liability against the appellee; it is certain there was not time for the appellate process to have been utilized.

■ A case is moot if it cannot proceed to a final judgment that will be effective as to any right which the court might determine. *Speed v. Keys*, 130 Tex. 276, 109 S.W.2d 967 (1939); *Sterling v. Ferguson*, 122 Tex. 122, 53 S.W.2d 753 (1932).

The appellee correctly states that Art. 2372q–1 did not contain a saving clause in favor of pending suits.

The Texas Supreme Court held in *Dickson v. Navarro County Levee Imp. Dist.*, 135 Tex. 95, 139 S.W.2d 257 (1940): "It is almost universally recognized that if a statute giving a special remedy is repealed, without a saving clause in favor of pending suits, all suits must stop where the repeal finds them; and, if final relief has not been granted before the repeal goes into effect, it cannot be granted thereafter. A like general rule is that if a right to recover depends entirely upon a statue, its repeal deprives the court of jurisdiction over the subject matter."

■ We do not agree with either of the appellants' last two arguments. They say that Section 3, Final Title, Revised Statutes of 1925, applies to the present controversy. We hold that it is not a statement of policy but is only a savings clause to be applied to statutes repealed or amended by the 1925 statutory revisions. Article 1446c, the Public Utility Regulatory Act, was not one of the revised statutes and is not an amendment to any of them. The appellants also contend that Article 1446c is a code and that under the provisions of Section 3.11 of Article 5429b–2, the Code Construction Act, they are entitled to continue their authority over the appellee, to at least conclude any outstanding matters. We find no basis for deciding that Article 1446c is a code, and we hold that the Code Construction Act does not apply to it.

We do not reach the appellee's second counterpoint challenging the constitutionality of Article 2372q–1.

The trial court's order of dismissal is affirmed.