

# The Attorney General of Texas

February 6, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-139

Re: Validity of county prohibition on the purchase of foreign automobiles.

Dear Mr. Wade:

You ask whether the Dallas County Commissioners Court has authority to adopt a policy against the purchase of foreign cars for official county purposes. We first must determine whether the purchase of automobiles by Dallas County is subject to article 2368a, V.T.C.S., which requires competitive bidding for any county purchase of $3,000 or more. In the past, section 2 of article 2368a made the competitive bidding requirement inapplicable to counties having a population of more than 350,000 inhabitants. See Acts 1973, 63rd Leg., ch. 269, § 1, at 635. Thus, it did not apply to Dallas County.

However, section 2 of article 2368a was revised by the 66th Legislature. It was the subject of two amendments, which retained the population limitation. Senate Bill No. 436, Acts 1979, 66th Leg., ch. 436, at 540; Senate Bill No. 309, Acts 1979, 66th Leg., ch. 824, at 2147. Another statute expressly repealed the population limitation. House Bill No. 1612, Acts 1979, 66th Leg., ch. 770, at 1901, to be codified as V.T.C.S. art. 2368a.3, § 8. The repealing statute was enacted on May 24 and became effective on June 13. Each of the amendments was enacted at an earlier date than the repealer, but became effective at a later date. Senate Bill 436 was enacted on May 12 and became effective August 27. Senate Bill 309 was enacted on May 18 and became effective on June 14.

Where conflicting statutes are enacted by the same session of the legislature, the latest expression of legislative intent prevails. Ex parte de Jesus de la O., 227 S.W.2d 212 (Tex. Crim. 1950); Attorney General Opinion H-1115 (1978). The repealing statute was the last enacted statute, and thus represents the most recent expression of legislative intent on the subject. It is suggested, however, that the statute with the latest effective date, rather than date of enactment, should prevail. We do not find a Texas case or Attorney General opinion that deals with this issue. The Code Construction Act, however, states the following general rule:

> ... if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.

V.T.C.S. art. 5429b–2, § 3.05(a). Although article 2368a, V.T.C.S., is not part of a code and thus not subject to the Code Construction Act, see Harris County v. Suburban Utility Company, 547 S.W.2d 72 (Tex. Civ. App. — Houston [1st Dist.] 1977, no writ), this provision does express the legislature's view that the date of enactment is the significant date.

Moreover, this question has been addressed by legal scholars and by the courts of other jurisdictions. Sutherland on Statutory Construction states the following rule:

> Because the latest expression of the legislative will prevails, the statute last passed will prevail over a statute passed prior to it, irrespective of whether the prior statute takes effect before or after the later statute.

1A Sutherland Statutory Construction, § 23.17, at 251 (4th ed. by C. Sands 1972). See also Ex parte Sohncke, 82 P. 956 (Cal. 1905); Phelps v. City of Minneapolis, 219 N.W. 872 (Minn. 1928) (stating same rule). We conclude that House Bill 1612, as the latest expression of legislative intent, repealed the population limitation formerly found in section 2 of article 2368a, V.T.C.S. Dallas County is now subject to the competitive bidding requirement of that statute.

In Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc., 372 S.W.2d 525 (Tex. 1963), the court dealt with a Highway Department rule restricting bids to those providing that materials furnished would be manufactured in the United States, its territories and possessions. The court held that the rule was illegal as a violation of the relevant competitive bidding statute and quoted with approval the following statement regarding competitive bidding from Sterrett v. Bell, 240 S.W.2d 516, 520 (Tex. Civ. App. — Dallas 1951, no writ):

> Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or material man, or increase the cost of the work or of the materials or other items going into the project.

372 S.W.2d at 527. Attorney General Opinion H–1086 (1977) determined that a county requirement restricting the source of materials would also be an illegal restriction upon competition. Consequently, Dallas County may not adopt a policy against the purchase of foreign cars for official county purposes where the value of the contract exceeds $3,000.

## SUMMARY

Dallas County is subject to the competitive bidding requirements stated in article 2368a, V.T.C.S. It may not adopt a policy against the purchase of foreign cars for official county purposes where the contract price exceeds $3,000.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood