**FORD MOTOR CREDIT COMPANY et al., Appellants,**

v.

**Arnulfo ZAPATA, Appellee.**

No. 8481.

Court of Civil Appeals of Texas, Beaumont.

Aug. 14, 1980.

Rehearing Denied Sept. 25, 1980.

F. Walter Conrad, Jr., Houston, Mary Joe Carroll, Austin, J. G. Adami, Jr., Alice, for appellants.

James G. Boyle, Austin, for appellee.

KEITH, Justice.

Defendants below appeal from an adverse judgment rendered in a suit brought under the Texas Consumer Credit Code, Chapters 7 and 14.[1] Plaintiff's motion for partial summary judgment was granted and damages of $2,000 were assessed against the defendants under the provisions of § 8.01(b) of the Code. The Court, after a bench trial, awarded plaintiff $5,000 in attorney's fees and merged the partial summary judgment into a final judgment from which this appeal has been perfected.

The judgment is joint and several against the two defendants but neither seeks indemnity nor contribution from the other

and separate briefs have been filed by each defendant.

In July 1976, plaintiff purchased a new pickup truck from the defendant Yates Ford, Inc., financing the purchase by executing a retail installment contract which was assigned to Ford Motor Credit Company a few days later. More than two years later, in September of 1978, plaintiff sued the seller and the finance company asserting that the contract which he signed did not comply with several provisions of the Code. At the time he sued, he was current in his obligations under the contract and he made no effort to show any actual damages had been sustained. The defendants did not file cross–action against plaintiff.

His motion for summary judgment mirrored the allegations of his third amended petition wherein he sought relief because of alleged violations of several sections of the Code as noted in the margin.[2] The motion was sustained generally and we have no indication that one or more of the grounds set out in the motion for summary judgment was not sustained.

A single violation of the Code is sufficient to trigger the penalty under § 8.01(b). *Chapman v. Miller*, 575 S.W.2d 581, 583 (Tex.Civ.App.–Beaumont 1978, writ ref'd n. r. e.). Thus, defendants labor under the burden of establishing that the trial court erred as to each of the seven alleged violations. Conversely, if one violation is shown to have been established as a matter of law by the summary judgment proof, the judgment must be affirmed as the other alleged violations become immaterial.

In order to narrow the question even more, we first address defendants' contentions that the repeal of Chapter 14 of the Code by the Legislature in 1979, *without a savings clause*, destroyed plaintiff's cause of action for penalties under such chapter. The effective date of the repeal was August

---

1. *Tex.Rev.Civ.Stat.Ann. arts. 5069–7.01 through 5069–7.10* and *5069–14.01 through 5069–14.28 (1971–1979 Pamp.Supp.).* Chapter 14 was repealed by Acts 1979, 66th Leg., p. 1595, ch. 672, § 51, effective August 27, 1979. All subsequent references to the Consumer

Credit Code shall be to the sections thereof unless otherwise indicated.

2. Plaintiff sought relief under the following sections of the Code: §§ *7.01(f), 7.06(3), 7.06(8), 7.07(4), 14.04, 14.11(a), and 14.17(a)(10).*

27, 1979. Acts 1979, 66th Leg., p. 1595, ch. 672, § 51. The judgment was signed on July 10, 1979.

The sole base for plaintiff's recovery is the statute, no common law cause of action having been asserted, and he has made no effort to show any actual damages were sustained. Thus, the language used by the Court in *Dickson v. Navarro County Levee Imp. Dist. No. 3*, 135 Tex. 95, 139 S.W.2d 257, 259 (1940), is appropriate:

"It is almost universally recognized that if a statute giving a special remedy is repealed, without a saving clause in favor of pending suits, all suits must stop where the repeal finds them; and, if final relief has not been granted before the repeal goes into effect, it cannot be granted thereafter. A like general rule is that if a right to recover depends entirely upon a statute, its repeal deprives the court of jurisdiction over the subject matter."

The rule so announced is still viable. See *Harris County v. Suburban Utility Co.*, 547 S.W.2d 72, 74 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ).

In considering the question before us, the opinion of the Supreme Court, quoting from recognized text and authoritative decisions in *National Carloading Corp. v. Phoenix–El Paso Express*, 142 Tex. 141, 176 S.W.2d 564, 569 (1943), is dispositive. After holding that the courts are agreed that rights based upon purely statutory grounds may be abolished " 'even after they have accrued' ", the Court continued:

" 'The courts have been particularly uniform in reaching this conclusion where the right of action is in the nature of a claim by an individual for the recovery of a statutory fine, penalty, or forfeiture.' "

Even more to the point in this case is further language used in *National Carloading Corp.*:

"If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws upon which they are based, these individuals are left without any remedy at law to enforce their claims; *and if final relief has not been granted before the repeal goes into effect it cannot be granted thereafter, even if a judgment has been entered and the cause is pending upon appeal.*" (176 S.W.2d at 570, emphasis supplied)

Plaintiff argues that since Chapter 14 is mentioned in several places in the unrepealed portions of the Code, the "repealer" should be given effect only prospectively. We have given consideration to the argument but remain unpersuaded. If the Legislature cared to protect rights which had accrued under the provisions of Chapter 14, "it would have been a simple matter to have so stated." *First State Bank of Bedford v. Miller*, 563 S.W.2d 572, 577 (Tex. 1978). Legislative oversight cannot be used to breathe life into a dead statute.

Making application of the rules set forth in *Dickson* and *National Carloading*, supra, we are of the opinion that plaintiff's recovery may not be sustained upon any claim resting upon an alleged violation of the provisions of Chapter 14 of the Code. Consequently, we sustain point sixteen in the brief of each defendant.[3]

Under our holding with reference to Chapter 14, plaintiff's summary judgment may not be supported by the implied holdings of the trial court in sustaining grounds four, five, and six of plaintiff's supplemental motion for summary judgment. The points of error of the defendants challenging the summary judgment, insofar as such judgment rests upon violations of Chapter 14, are sustained.

■ Plaintiff's first complaint was that the contract violated *§ 7.06(8)* by failing clearly and conspicuously to disclose the amount charged for mechanical breakdown insurance. If any recovery is based upon this alleged violation, it must be set aside and we now do so by sustaining point one.

---

**3.** "The trial court erred in granting summary judgment for the appellee under Tex.Rev.Civ. Stat.Ann., Art. 5069–14.01 et seq. because the Texas Legislature's repeal of Chapter 14 eliminated the appellee's cause of action and right to recover thereon."

The contract was executed on July 15, 1976, at a time when the statute had no requirements relating to mechanical breakdown insurance. It was not until an act adopted by the 65th Legislature in 1977 became effective was there any language relating to mechanical breakdown insurance.[4]

Plaintiff does not attempt to defend the application of the penalty in an amended statute to a contract executed before the penalty statute was enacted. To do so would contravene not only the *Tex.Const. art. I, § 16*, but also the rule that statutes are ordinarily designed to operate prospectively and not retroactively. See, e. g., *Texas Water Rights Commission v. Wright*, 464 S.W.2d 642, 648–649 (Tex.1971); *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707, 708–709 (1943).

The statute is one imposing a penalty and must be strictly construed. *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490, 491 (Tex. Civ.App.–Austin 1977, writ ref'd n. r. e.). We sustain defendants' point one and deny plaintiff any recovery under *§ 7.06(8)* as adopted in 1977. Such holding renders moot defendants' second and third points submitted contingently upon our answer to the first point.

One of the grounds relied upon by plaintiff to sustain his recovery is a contention that paragraph nineteen of the contract was in violation of *§ 7.07(4)*.[5] The language which forms the basis of plaintiff's complaint is this:

"Any personalty in or attached to the Property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession."

Plaintiff argues that the quoted language "flies completely in the face" of *Southwestern Investment Co. v. Mannix*, 557 S.W.2d 755, 763 (Tex.1977); and that a federal district judge reached a different conclusion.[6] We have given careful consideration of *Mannix*, since we are required to follow the rationale if it is applicable. No such requirement is imposed upon this court when we consider the federal district court opinion.

*Mannix* is not in point in this case. There, the contract would force the buyer to assume the cost of damage done to his home by a forcible entry or an injury which was the result of intentionally tortious conduct. The Court also noted that a breach of peace during repossession would be in violation of the Business and Commerce Code.

We have no such result possible from the language before us. We must, in the absence of anything to the contrary, assume that the repossession would not be done in such manner as to constitute an intentional tort or a breach of the peace. The identical paragraph was considered and upheld in *Tradewinds Ford Sales, Inc. v. Caskey*, 600 S.W.2d 865 (Tex.Civ.App.–Eastland 1980).

A similar contention was rejected in *Martens v. General Motors Acceptance Corp.*, 584 S.W.2d 941 (Tex.Civ.App.–Dallas 1979, no writ). We follow *Caskey* and *Martens*; and, to the extent that *Gutierrez* may be to the contrary, decline to follow it. We sustain defendants' sixth point of error, thereby eliminating the necessity of considering its alternative seventh point challenging the constitutionality of such statute as applicable to post–repossession activities.

---

**4.** Acts 1977, 65th Leg., p. 1355, ch. 536, effective June 15, 1977. This statute is now codified as *§ 7.06(9) (1971–1979 Pamp.Supp.)*.

**5.** *§ 7.07(4)*: "No retail installment contract or retail charge agreement shall: ... (4) Provide for a waiver of the buyer's rights of action against the seller or holder or other person acting therefor for any *illegal act* committed in the collection of payments under the contract or agreement or in the repossession of a motor vehicle; ..." (emphasis supplied).

**6.** We are referred to an unpublished opinion entitled *Gutierrez v. McMorris Downtown Ford, Inc.*, Civil Action No. A–77–CA–174 (W.D.Tex., May 20, 1980), attached to plaintiff's postsubmission reply brief.

In our approach to defendants' eighth point of error,[7] we have given careful consideration to the actual appearance of the photocopy of the contract in question in our attempt to determine if the contract meets the requirement of the statute. After such consideration and a review of the authorities relied upon by the parties, we are of the opinion that as a matter of law the contract "clearly and conspicuously" discloses the requirement of physical damage insurance in compliance with *§ 7.06(3)* of the Act.

The front side of the contract contains a statement in bold type headed "OPTIONAL INSURANCE", less than five inches above plaintiff's signature which plainly notified the buyer:

> "Physical Damage Insurance is required by this contract. . . . Buyer may choose the person through whom such insurance is to be obtained, and Buyer shall have the option of furnishing the required insurance through existing policies of insurance owned or controlled by him or obtained by him through any insurance company authorized to transact business in Texas."

This language is clear, and the requirement is conspicuous on the face of the contract. But, plaintiff cites *Smith v. Chapman*, 614 F.2d 968, 977–978 (5th Cir. 1980), contending that the holding therein calls for a different conclusion in this case. We have given careful consideration to the cited case but do not find it to be factually analogous to the provision we have in the case at bar. We sustain defendants' point eight and do not reach the subsidiary point nine.

Finally, we come to a consideration of plaintiff's contention that he is entitled to recover because there was a violation of the Code by the collection of $7.11 which he claims to have been an overcharge of the license or registration fee. If this amount is not de minimis non curat lex,[8] it can only be recovered by reliance upon *§ 14.04*, a victim of the 1979 statutory repeal which we discussed earlier. Consequently, plaintiff's recovery may not be upheld by reliance upon *§ 7.01(f)* of the Code.

Having reviewed the record and the voluminous briefs in detail and, being of the opinion that the trial court erred in entering the judgment, we reverse and now render judgment that the plaintiff take nothing as against either of the defendants.

REVERSED and RENDERED.

CLAYTON, J., not participating.

---

7. Point eight: "The trial court erred in granting judgment for the appellee because, as a matter of law, the contract in question clearly and conspicuously disclosed that physical damage insurance was required."

8. See, e. g., *Anguiano v. Jim Water Homes, Inc.*, 561 S.W.2d 249, 255 (Tex.Civ.App.–San Antonio 1978, writ ref'd n. r. e.); *Thornhill v. Sharpstown Dodge Sales, Inc.*, 546 S.W.2d 151, 153 (Tex.Civ.App.–Beaumont 1976, no writ).