**RIVERSIDE NATIONAL BANK et al., Appellants,**

v.

**James LEWIS, Appellee.**

**No. 17113.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1980.

Barrow, Bland & Rehmet, Charles J. Wilson, Houston, for appellants.

Haynes & Fullenweider, Robert B. Wallis and Jan Woodard Fox, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and EVANS, JJ.

On Remand

PEDEN, Justice.

The Texas Supreme Court, 603 S.W.2d 169, has reversed our holding, 572 S.W.2d 553, that there was no evidence of malice to support the award of exemplary damages in this cause and has remanded it for our determination of whether the evidence, summarized in its opinion delivered on June 18, 1980, was factually sufficient to support that award. The Supreme Court cited a previous holding that exemplary damages may properly be awarded when the plaintiff has suffered actual damages as the result of fraud intentionally committed for the purpose of injuring him.

In determining whether evidence is factually sufficient, we examine all the evidence. Having done so in this case, we will summarize the evidence which was adduced in addition to that reviewed by the Supreme Court.

Mr. James Means testified that Riverside is a small minority bank, and that Carroll was a young, inexperienced junior loan officer who was in training at the time in question. "We had no intention to do any harm to Mr. Lewis. We had long and hard discussions on whether or not to go into this loan, based on the information that we had." After Carroll had told Lewis the loan would be or had been approved, Means saw the application, noticed several discrepancies in it, saw that Lewis was not a customer of the bank and that no credit report had been obtained, learned that a payment was past due on the car and that Lewis's income could not be verified, and Means decided that the loan was not a reasonable risk for the bank to take. Means admitted that at one time the bank had decided that the loan looked acceptable and had told Lewis that it would refinance his car. He said that when Carroll had Lewis sign the note, the loan had not yet been formally denied.

This testimony of Mr. Means, as executive vice president of the bank, did no more than raise fact issues as to whether the bank intentionally committed fraud for the purpose of injuring Lewis. In almost all of the bank's dealings with Lewis, it dealt only through Carroll, but we do not have the benefit of his testimony, either in person or by deposition.

Even though we may not have reached the same conclusion as the jury, we cannot say the evidence of malice was factually insufficient to support the jury's award of exemplary damages.

The trial court's judgment is affirmed.