James KNIGHT, Appellant,

v.

INTERNATIONAL HARVESTER CRED-
IT CORPORATION et al., Appellees.

No. 8608.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 26, 1981.

Rehearing Denied March 26, 1981.

Wilson McVicker, Lufkin, Franci N. Beck, Houston, for appellant.

Stephen F. Fink, Dallas, Kenzy Hallmark, Lufkin, for appellees.

DIES, Chief Justice.

In March 1978, plaintiff below, James Knight, purchased a 1974 used International dump truck from Etex International, Inc., of Lufkin, Texas, one defendant below. He paid a portion of the price down, and signed a retail installment contract with International Harvester Credit Corporation (hereafter IHCC), the other defendant.

Plaintiff then sued alleging violations by both defendants of Chapters Seven and Fourteen of *Tex.Rev.Civ.Stat.Ann. art. 5069* et seq. (1971) (Texas Consumer Credit Code and *Tex.Bus. & Com.Code Ann. § 17.41* et seq. (Supp.1980–1981) (Texas Deceptive Trade Practices and Consumer Protection Act).

Both defendants moved for summary judgments, which were granted, and from which plaintiff brings this appeal. The parties will be referred to herein as they were below, or by abbreviated name.

All parties agree that the salient facts are undisputed and that only questions of law are involved.

### Chapter 14 of the Consumer Credit Code

■ Effective August 27, 1979, the Legislature repealed Chapter 14 of the Consumer Credit Code. [*Tex.Bus. & Com.Code Ann. arts. 5069–14.01* to *5069–14.28* (Supp. 1971–1980)].

While this cause was filed in November 1978, the repeal being without a savings clause eliminated plaintiff's cause of action under this chapter. *Ford Motor Credit Company v. Zapata*, 605 S.W.2d 362 (Tex.Civ.App.—Beaumont 1980, writ granted) (writ not granted on this point). *Jim Walter Homes, Inc. v. Gibbens*, 608 S.W.2d 706, 712 (Tex.Civ.App.—San Antonio 1980), quoting from *Dickson v. Navarro County Levee Improvement District No. 3*, 135 Tex. 95, 139 S.W.2d 257 (1940).

### Violation of Chapter Seven

■ Plaintiff alleged that the installment contract violated *Tex.Rev.Civ.Stat. Ann. art. 5069–7.07(6)*. This section states that no retail installment contract or retail charge agreement shall:

"(6) Provide that the buyer agrees not to assert against the seller or holder of any claim or defense arising out of the sale...."

The contract in question has this provision:

"Acceptance by purchaser: by acceptance of said property, purchaser, hereby waives all claims for any delay in delivery and all claims for failure to deliver any property ordered."

In *Southern Gas & Gasoline Engine Co. v. Richolson*, 216 S.W. 158, 160 (Tex.Comm'n App.1919, opinion adopted), the court held that a sales contract providing that receipt of material constitutes "a waiver of any claim for damages on account of delay" precluded a buyer from recovering damages on account of delayed installation of machinery where the buyer had accepted the delivery of the machinery.

In 77 C.J.S. *Sales* § 134 at 844 (1952), we find: "Waiver or estoppel as to want of delivery or failure to comply with contract requirements in respect thereof may arise from acceptance of the goods...." And in *Section 150* at 874 of the same volume, "A buyer is bound by a provision of the contract of sale containing a waiver as to time of delivery in the absence of fraud or mistake in making the contract or in reducing it to writing."

Hence, this provision no more than states the general law of sales. We do not believe the Legislature intended to repeal these doctrines. We conclude that this provision does not violate *Section Six* (6) above set out.

### Deceptive Trade Practices Act

■ Plaintiff contends that the same language violates the DTPA *Section 17.46*, but it is not clear from his brief what subsection he urges defendants violated. However, *Section 17.45(4)* of the Act defines a "consumer" as "an individual ... who seeks or acquires by purchase or lease, any goods or services." *Subsection (1)* defines "goods" as "tangible chattels or real property purchased or leased for use"; and *Subsection (2)* as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." It must be borne in mind that plaintiff's suit only pertains to the installment contract, not to the dump truck itself. This contract was between defendant IHCC and plaintiff above; so, clearly plaintiff is not a "consumer" concerning the contract only of defendant Etex. As to defendant IHCC, plaintiff acquired only the extension of credit which is not "goods" or "services" within the meaning of the DTPA. *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 174–176 (Tex.1980), remanded on other grounds, 605 S.W.2d 954 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

Our holding herein makes it unnecessary to address plaintiff's last contention. The order of the trial court granting the summary judgment is affirmed.

AFFIRMED.

KEITH, J., not participating.