IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00135-CV

 

Gloria Ann Fryar,

                                                                                    Appellant

 v.

 

Nicholas Mees, 

d/b/a Mees Auto Repair,

                                                                                    Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 33,841

 



MEMORANDUM  Opinion



 

      Appellant
Gloria Ann Fryar sued Appellee Nicholas Mees, d/b/a Mees Auto Repair, in
connection with damages relating to the purchase of an automobile.  The trial
court granted Mees’s Original Motion for Summary Judgment.  This Court reversed
the judgment and remanded the cause to the trial court.  Mees filed a Second
Amended Motion for Summary Judgment.  The trial court granted the summary judgment
in favor of Mees; Fryar appeals that judgment.




Background

      Fryar purchased a 1990 Lincoln automobile
from Mees.  Before the purchase, Fryar drove the car twice, and Mees assured
her that it was a “good car.”  Mees stated that it was his wife’s car, and disclosed
that the transmission overdrive gear was defective but that Fryar “should not
have to replace anything for at least two years or so.”  With this knowledge,
Fryar entered into negotiations to purchase the car.

      The parties agreed to an installment
purchase agreement which Fryar executed in addition to an “as is” agreement and
a warranty disclaimer.  The “as is” clause was printed in large type on a
separate form.  It stated:  “AS IS – NO WARRANTY – You will pay all costs for
any repairs.  The dealer assumes no responsibility for any repairs regardless
of any oral statements about this vehicle.”  The warranty disclaimer stated
that the automatic transmission was defective at the time of purchase and that
the price of the car had been adjusted to allow for repairs that may have been
caused by the defect.  In the margin of this document, Fryar made the following
handwritten note:  “Overdrive unit is bad, can drive in drive with no problem
for at least two years.”  

      Shortly after Fryar purchased the car, she
encountered problems with the transmission.  She subsequently defaulted on the
installment contract, and Mees repossessed the car in accordance with the sales
contract.

      Following the repossession of the car, Fryar
filed suit against Mees for fraudulent misrepresentation under the Texas
Deceptive Trade Practices Act, breach of express warranty, fraud, wrongful
repossession, and sale of a vehicle in violation of Texas Finance Code Section
348.412.

Standard of Review

We review the decision to grant or
deny a summary-judgment motion de novo.  See Provident Life &
Accident Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The standards for
reviewing a traditional motion for summary judgment are well established.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  The movant has
the burden of showing that no genuine issue of material fact exists and that he
is entitled to summary judgment as a matter of law.  American Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch
Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet. denied). 
The reviewing court must accept all evidence favorable to the non-movant as
true.  Nixon, 690 S.W.2d at 549; Ash, 54 S.W.3d at 413.  Every
reasonable inference must be indulged in favor of the non-movant and all doubts
resolved in his favor.  American Tobacco, 951 S.W.2d at 425; Ash,
54 S.W.3d at 413.

      Fryar brings three issues on appeal.

“AS IS” Agreement

      In her first issue, Fryar argues that the
trial court erred in granting Mees’s summary judgment because the “as is”
agreement was not enforceable.  

      The validity of an “as is” agreement is
determined in light of the sophistication of the parties, the terms of the “as
is” agreement, whether the “as is” clause is freely negotiated, whether it was
an arm’s length transaction, and whether there was a knowing misrepresentation
or concealment of a known fact.  Prudential Ins. Co. of Am. v. Jefferson
Assocs., Ltd., 896 S.W.2d 156, 160-62 (Tex. 1995).

      When viewed in the light most favorable to
Fryar, the summary judgment evidence shows that the “as is” clause was freely
negotiated and was an arm’s length transaction.  Although Fryar was not as
knowledgeable about cars as Mees, she had an opportunity to have the car
inspected and her son, an auto mechanics student, accompanied her to drive the
car before the purchase.  Fryar admitted that she understood that the car was
defective at the time of purchase, and that she understood that she was
purchasing the car “as is.”

      In Prudential, the court stated that
in determining the validity of an “as is” clause, a reviewing court must also
look to the terms of the agreement itself.  The terms of the agreement in Prudential
stated that the purchaser agreed to take the property “as is” with any and
all latent and patent defects.  Prudential, 896 S.W.2d at 160.  The Prudential
agreement also stated that the purchaser acknowledged that it was relying
upon its own examination of the property.  Id.  It is not
necessary that the terms of an “as is” agreement be as specific as the Prudential
terms if the contract leaves no doubt exactly what the parties agreed to.  Larsen
v. Langford, 41 S.W.3d 245, 252 (Tex. App.—Waco 2001, pet. denied).  The
terms of the present agreement are clear.  By signing the agreement with the
“as is” language and signing the warranty disclaimer, there was no doubt that
Fryar intended to rely solely on the statements in the contract.

      Viewing the evidence in the light most
favorable to Fryar, we find that the parties actively negotiated the terms of
the contract and conducted the transaction at arms length.  Fryar received the
benefit of a reduced price because of the defect.  She signed two documents
which stated that she was purchasing the car without any warranties, and she
made a handwritten notation which indicated that she understood that the
transmission was defective.  Accordingly, we hold that the agreement contained
a valid “as is” clause which negates causation unless Fryar established that
she was fraudulently induced to enter the agreement.

Fraudulent Inducement

      An otherwise valid “as is” agreement will
not negate the causation element of a claim if the buyer can prove fraudulent
inducement such as a knowing misrepresentation or concealment of a known fact. 
Prudential, 896 S.W.2d at 162.  In the context of a summary judgment
proceeding, fraudulent inducement is in the nature of a counter-defense responding
to the defense raised by the seller.  Larsen, 41 S.W.3d at 253.  To
successfully raise this counter-defense, the buyer must present some summary
judgment evidence that “but for” the representations of the seller regarding
the condition of the subject of the contract, the buyer would not have assented
to a contract which contained an “as is” clause.  Id.  This is
established by presenting evidence to raise a fact issue on each element of a
simple fraud claim.  Id. (citing Fletcher v. Edwards, 26
S.W.3d 66, 77 (Tex. App.—Waco 2000, pet. ref’d)).  The elements of simple fraud
are:

(1)  
a material representation;

(2)  
which is false; 

(3)  
which was known to be false
when made or was made recklessly as a positive assertion without knowledge of
its truth;

(4)  
which was intended to be
relied upon;

(5)  
which was relied upon; and 

(6)  
which caused injury.

 

Id.  

      Fryar
argues that Mees represented that the car was “good” and that she should not
have to replace anything for two years.  With regard to the representation, it
must be a material representation regarding the condition of the subject
of the contract before it will raise the issue of fraudulent inducement to
enter into the contract.  Larsen, 41 S.W.3d at 254.  With regard to the
statement by Mees that it was “a good car,” we hold that this statement, like
the statements in Prudential that the property was “superb” and “super
fine,” was not a misrepresentation of material fact, but merely “puffing” or
opinion, and thus, could not constitute fraud.  Id.

      Further,
we do not find that Mees’s statement that the car would not need repairs for
two years was a misrepresentation of material fact.  A statement is not
fraudulent unless the maker knew it was false when made or made it recklessly
without knowledge of the truth.  Id. (citing DeSantis v.
Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990)).  Although Fryar may have
attached significance to this statement, there is no evidence that Mees knew or
had any reason to suspect that this information was incorrect.  Accordingly, in
the absence of any evidence that Fryar was fraudulently induced, we hold that
the “as is” clause was valid.  We overrule Fryar’s first issue.

Validity of Installment Sales Contract

      In her second issue, Fryar argues that the
trial court erred in granting summary judgment in favor of Mees because the retail
installment contract violated Texas Finance Code sections 348.412(a)(1)(B) and
(a)(2).  Section 348.412(a)(1)(B) provides:  “A retail installment contract may
not provide for a waiver of the retail buyer’s rights of action against the
holder or a person acting on the holder’s behalf for an illegal act committed
in the repossession of the motor vehicle.  Tex.
Fin. Code Ann. § 348.412(a)(1)(B) (Vernon 2006).  Section 348.412(a)(2)
provides that “[a] retail installment contract may not provide that the retail
buyer agrees not to assert against the holder a claim or defense arising out of
the sale.”  Id. § 348.412(a)(2).

      The provision of the contract at issue
states:  

I agree that I will not keep any personal property
of any great value in said automobile during the term of this loan, but in the
event that I do, I assume any and all responsibility for any personal property
left in the car by me or by other persons, should that property be lost or
missing for any reason from said car after it has been taken back by you and
stored in a reasonably safe place.

 

Fryar argues that this provision invalidates the
contract because it waives the buyer’s right of action against Mees for any act
in connection with the personal property gathered during the repossession.  Mees
relies on Martens v. General Motors Acceptance for the proposition that
the contract complies with the Finance Code.  Martens v. General Motors
Acceptance Corp., 584 S.W.2d 941 (Tex. Civ. App.—Dallas 1979, no writ.).

      In Martens, the retail installment
contract provided that, upon repossession of the automobile, “[s]eller may take
possession of any other property in the … motor vehicle at time of
repossession, wherever such other property may be therein, and hold same for
buyer at buyer’s risk without liability on the part of seller.”  The court held
that, even construing the statute broadly to effectuate its intent, the
provision does not violate the Code.  Id. at 944.  It found that
no provision of the contract expressly waived any of the buyer’s rights of
action for illegal acts of the seller during repossession.  Id.  The
contract in the present case contains a similar provision, and we hold that the
provision does not violate Section 348.412(a)(1)(B).  See Tex. Fin. Code Ann. § 348.412(a)(1)(B). 
Further, we find that this provision merely defines the bailor-bailee
relationship in the event personal property not subject to the mortgage is in
the vehicle when it is repossessed.  See Martens, 584 S.W.2d at 943.  It
does not foreclose Fryar’s rights to “assert against the holder a claim or
defense arising out of the sale.”  See Tex.
Fin. Code Ann. § 348.412(a)(2).  We overrule Fryar’s second issue.

Commercially Reasonable Sale

      Fryar’s third issue contends that the trial
court erred in granting Mees’s summary judgment motion because he failed to
show there were no genuine issues of material fact as to whether the sale of
the car was commercially reasonable.

      The disposition of collateral is made in a
commercially reasonable manner if the disposition is made:

(1) in the usual manner on any recognized market;

(2) at the price current in any recognized market
at the time of the disposition; or

(3) otherwise in conformity with reasonable
commercial practices among dealers in the type of property that was the subject
of the disposition.

 

Tex. Bus. & Com. Code
Ann. § 9.627 (Vernon 2002).  Mees
stated in his summary judgment affidavit that he sold the vehicle by offering
it for sale at his car dealership, as he does all automobiles he has for sale;
he was paid $4,495 for the car, a price “within the range of the reasonable
market value of a vehicle of that type in its condition;” and that he sold the
vehicle in accordance with the customary practice of dealers in used automobiles
in Falls County at the time of the sale.

      Fryar argues that Mees’s affidavit was not
sufficient summary judgment evidence because Mees is an interested witness.  Summary
judgment may be based on the affidavit of an interested witness “if the
evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted.”  Tex. R. Civ. P. 166a(c).  The types of
facts that traditionally have been held to be invulnerable to contravention are
those that are not objectively verifiable, such as self-serving statements of
knowledge and intent.  Ash, 54 S.W.3d at 410.  Mees’s affidavit refers
to ascertainable facts regarding the commercial practices of dealers of used
cars and the current price of such a vehicle in the recognized market.  Such
statements could have been readily controverted; however, Appellant failed to
do so.  Accordingly, we overrule her third issue.

Conclusion

      Having overruled Fryar’s three issues, we
affirm the judgment of the trial court.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed April 25, 2007

[CV06]