Jerald O. **PAGE**, Appellant,

v.

Phil **BURK**, Appellee.

No. 19902.

Court of Civil Appeals of Texas, Dallas.

June 14, 1979.

Rehearing Denied July 11, 1979.

---

Michael V. Killough, Dallas, for appellant.

Paul Brauchle, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

This case involves the adequacy of a payment made to redeem a city lot from a tax foreclosure and sale. Plaintiff claims under the purchaser at the sheriff's sale, and defendant claims under the former owners. Plaintiff prays that the deed to defendants from the former owner, and also any certificate of redemption, be declared void and removed as a cloud on plaintiff's title. After a trial without a jury, the court denied recovery, and plaintiff appeals, contending that defendant's attempted redemption was ineffective as a matter of law because of the inadequacy of the amount paid by defendant to the tax collector. We affirm.

The payment was made more than a year but less than two years after recording of the purchaser's deed. The statute governing the amount required for redemption is section 12(2) of article 7345b, Tex.Rev.Civ. Stat.Ann. (Vernon 1960), which provides that land sold under judgment in a suit for taxes may be redeemed within the second year of the redemption period "upon the payment of the amount bid for the property at such sale, including a One Dollar ($1) tax deed recording fee, and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty percent of the aggregate total."

A stipulation of the parties establishes that the purchaser at the sale paid $2,180 to the sheriff and that plaintiff later "paid the total sum of $973.24 in taxes, penalties and interest on the property." These sums, together with the one-dollar recording fee, plus fifty percent of the total, aggregate $4,731.36. The stipulation further states that defendant had deposited with the tax collector of Dallas County the total sum of $4,685.29 for the purpose of redeeming the property. The difference between these sums is $46.07.

Defendant contends that he did everything he knew how to determine the amount necessary for redemption. He testified that he first contacted plaintiff, who refused to name the amount he would accept for redemption of the property. Defendant then went to the city tax office and obtained a written statement covering the amount of city taxes due. He took this

information from the city to the county tax collector's office, where the amount of county taxes due was figured. Employees in the county tax office then calculated for him the amount to be paid, including the fifty-percent additional, and he paid that amount.

The record does not contain any details of the calculations made at the county tax office. Consequently, we cannot determine how the discrepancy arose. The judge filed findings of fact stating that defendant had contacted plaintiff in an attempt to comply with the statute, that defendant had requested the tax collector of Dallas County to ascertain the total amount of taxes, penalty, and interest that had been paid on the property and to give him the amount necessary to redeem the property, and that the tax collector had notified him that the sum of $4,685.29 was the proper amount. Plaintiff attacks the sufficiency of the evidence to support these findings, but our examination of the record convinces us that the judge was justified in drawing these inferences from the stipulation and testimony before him.

Plaintiff argues that defendant cannot rely on the tax collector's advice and points to defendant's testimony that the calculations were based on information supplied by defendant concerning the amount of the city taxes paid. The written statements defendant obtained from the city tax office are in evidence. Plaintiff suggests that these statements may have erroneously failed to state the full amount paid by plaintiff, including penalties and interest on the payment of the city tax for 1974, which appears to have been paid late. Counsel theorizes that defendant failed to ask for the correct information at the city hall, in view of defendant's testimony that he inquired "what the total amount of the city taxes were," and was given information "as to how much the taxes were due on the property."

We are unable to determine that this penalty and interest, plus fifty percent, would account for the discrepancy of $46.07. It is possible that the error was made in the county tax office, rather than in the information which defendant obtained from the

city. Nevertheless, defendant's testimony, which the judge apparently believed, tends to show that defendant made a good-faith attempt to get accurate information from the tax authorities and that he paid on the basis of the information he received. Under these circumstances, and in view of plaintiff's failure to specify the amount he would accept, we hold that defendant substantially complied with the statute and that the inadvertent discrepancy of less than one percent of the property amount is within the maxim, *de minimis non curat lex*. Cf. *Thornhill v. Sharpstown Dodge Sales, Inc.*, 546 S.W.2d 151 (Tex.Civ.App.-Beaumont 1976, no writ) (calculation of amount of interest in usury case); *Love v. Spur Ind. School Dist.*, 143 S.W.2d 793, 796 (Tex.Civ.App.-Amarillo 1940, no writ) (judgment for taxes and penalties excessive by $1.97); and *Lewis v. Lewis*, 125 S.W.2d 375 (Tex.Civ.App.-Fort Worth 1939, writ ref'd) ($28 error in judgment when amount in controversy exceeded $6,000). Admittedly, plaintiff had no duty to supply any information to defendant, but if he had told defendant how much he would accept, or even how much taxes, penalty and interest he had paid, a different question would be presented with respect to application of the *de minimis* rule.

Our former opinion is withdrawn, the motion for rehearing is overruled and the judgment is affirmed.