**JONES–HOLT ENTERPRISES, INC., Appellant,**

v.

**Stanley HIPS, d/b/a Stanley Hips Targets, Appellee.**

**No. 04–81–00231–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 27, 1982.

Daniel R. Rutherford, San Antonio, for appellant.

John R. Shaw, San Antonio, for appellee.

Before CADENA, C.J., and CLARK and CANTU, JJ.

OPINION

CLARK, Justice.

This appeal is taken from a denial of a temporary injunction filed by the appellant, Jones-Holt Enterprises, Inc., against the appellee, Stanley Hips d/b/a Stanley Hips Targets. The appellant alleges two points of error, which combined assert that the trial court abused its discretion in denying his request for a temporary injunction based on three (3) alleged violations of a non-competitive agreement.

The non-competitive agreement provides, 1. San Antonio Foam Fabricators, Inc. and Stanley D. Hips, Individually, do hereby agree that during the term of eight (8) years from and after the date hereof, they will not, jointly or severally, singularly or otherwise, directly or indirectly, re-establish, re-open, or engage in as an individual, partner, employee or stockholder, *a trade or business* for the manufacture, fabrication *and* sale of foam packaging, insulation and floatation. . . . [Emphasis added.]

The appellant alleges three (3) violations of the non-competitive agreement, referred to by the parties as 1) The banana bike seat violation, 2) the San Antonio Trunk violation, and 3) the videotape packages violation.

■ In regard to the banana bike seat violation, appellee testified that he used a die owned by Houston Corrugated to cut foam seat pads which appellee used in making cushions for deer stand sets as part of his archery products business. Appellant alleges that the use of the die was a violation of the non-competitive agreement. The agreement, however, clearly provides that the manufacturing, fabricating and selling of foam archery products is excluded from the non-competitive agreement. Furthermore, the manufacture and sale of bicycle seats does not appear to constitute engaging in the manufacture, fabrication and sale of "foam packaging, insulation and floatation" under paragraph 1 of the non-competitive agreement, and the trial court did not abuse its discretion in refusing to grant the injunction on this point. The issues of ownership and use of the die should be decided at a trial on the merits, not at a hearing for a temporary injunction. *See Drever & Associates Professional Personnel Service v. Batey,* 572 S.W.2d 30 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ).

■ In connection with the alleged San Antonio Trunk violation appellant asserted that appellee attempted to sell four pieces of urethane foam to San Antonio Trunk. Appellee testified that he gave San Antonio Trunk the material without charge, and that an invoice received by San Antonio Trunk was sent in error by appellee's bookkeeper. Appellee's testimony was the only testimony before the court with respect to the circumstances of this transaction. Since there was evidence that the transaction was not a *sale* of foam packaging, insulation and floatation, it was not an abuse of discretion for the trial court to deny the injunction on the basis of this alleged violation.

■ In *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968) the Supreme Court held that to warrant issuance of the writ of injunction, an applicant is not required to establish that he will prevail on final trial; he needs only to plead a cause of action and to show a probable right on final trial to the relief he seeks and probable injury in the interim. In *David v. Bache Halsey Stuart Shield, Inc.,* 630 S.W.2d 775, 756 (Tex.App.—Houston [1st Dist.] 1982, no writ) the court stated that a trial court has great discretion in granting or denying a temporary injunction, and its action will not be reversed unless the appellate courts are convinced that it represents a clear abuse of discretion. In determining whether there has been an abuse of discretion, the court of appeals must draw all legitimate inferences from the evidence in a light most favorable to the trial court judgment. *Id.* at 757.

■ The appellant has proved, and the appellee has admitted to, one violation of their non-competitive agreement. The violation, at least theoretically, cost the appellant the loss of a $4.00 sale of foam packaging.[1] The transaction in question was arranged by appellant as a test, to provide evidence that appellee would, if offered the opportunity, violate the agreement.

In *Anguiano v. Jim Walter Homes, Inc.,* 561 S.W.2d 249, 255 (Tex.Civ.App.—San Antonio 1978, no writ) this court stated that the doctrine of *de minimis non curat lex* stands for the proposition that the law does not care for or take notice of very small or trifling matters. It has been invoked to excuse minor deviations from the letter of the law. In a discussion of the *de minimis* doctrine in *Fort Worth Neuropsychiatric Hospital, Inc. v. Bee Jay Corp.,* 587 S.W.2d 746, 757 (Tex.Civ.App.—Fort Worth 1979, no writ) the court held in its review of a fraud case that "We certainly are ready to treat some amount of loss which is a mere

1. Appellant urges that the evidence of the three specific transactions, together with appellee's own testimony to the effect that he would be willing to sell foam products so long as he was not told the ultimate use intended by the customer, establishes that appellee will violate the agreement unless prevented from doing so by injunction. Whether appellee's view of his obligations under the contract is the proper subject of injunctive relief is an appropriate issue for resolution at a trial on the merits rather than on this appeal from the trial court's denial of temporary relief.

trifle—for example a matter of a few dollars, or property right which measured in money could only amount to such—as insufficient result of fraud to authorize a court to refuse to honor the Statute of Frauds."

In the case before us, the appellant lost a sale of $4.00 which he arranged in order to demonstrate appellee's state of mind with regard to the agreement. We believe the doctrine of *de minimis non curat lex* should be applied to this sale in support of the trial court's exercise of discretion, and we therefore affirm the decision of the trial court.