In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00011-CV**
_____

**STONE HAYNES, AS SOLE MANAGER OF VAIR RESOURCES, LLC, Appellant**

**V.**

**MAURICE HAIRE AND LISA HAIRE, Appellees**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B-120278-C**

**MEMORANDUM OPINION**

Stone Haynes, as sole manager of Vair Resources, LLC ("Vair"), filed an action to quiet title against Maurice Haire and Lisa Haire. The Haires filed a counterclaim for declaratory judgment and improper redemption. After a bench trial, the trial court signed a judgment in favor of the Haires. In three appellate issues, Haynes challenges the legal and factual sufficiency of the evidence, the trial

1

court's attorney's fees award, and the parties to the judgment. We affirm the trial court's judgment.

Background

Haynes owns Vair. He and Donald Kreymer owned Texas Regional Acceptance Corp. Kreymer told Haynes that Texas Regional's real property was going to be auctioned at a tax sale. On November 1, 2011, Texas Regional conveyed the property to Vair. That same day, Haynes bid on the property and won. Because Haynes's funds were not timely available, the property went to the next highest bidder, the Haires. The Haires purchased the property for $53,000 and filed their deed on December 11.

Haynes testified that he tendered a redemption check to Maurice on January 31, 2012, but Maurice rejected the check. Maurice testified that he told Haynes to take the check to the Haires' attorney. Haynes testified that he then took a check to the county tax office. Haynes signed an affidavit, as president of Vair, stating that Vair owned the property, the redemption period had not expired, and the purchaser had refused payment and refused to give Vair a deed. The county tax assessor-collector issued a receipt stating that Haynes had tendered $66,250, the purchase price plus twenty-five percent of the aggregate total, to redeem the property. This receipt was filed on March 28. On May 22, Vair's counsel sent a letter to the

2

Haires advising them that the property had been redeemed and they must vacate the property or be evicted. Haynes testified that he never received a response to this letter. Maurice did not recall ever seeing the letter.

Haynes testified that he obtained liability and title insurance on the property. According to Haynes, he also bought liens that were on the property. Barrett Bush testified that Haynes indicated that Bush's lien was worthless and paid Bush $3,500 of the $80,000 owed. Haynes sought compensation for large oak trees, shrubbery, and a storage building the Haires had removed from the property.

Maurice described the property as a "big garbage dump." He testified to cutting down an oak tree that was hazardous, removing some shrubbery that inhibited visibility, and tearing down a rotted storage building. According to the Haires, they had incurred $8,055.03 in costs, including $269.94 for garbage, $823.55 for water, $2,550 for the property manager's salary, $3,298.59 in clean-up costs, $331.03 for water lines, $50 for a permit, and $731.92 for insurance. Maurice testified that the cleanup and labor costs were incurred at the direction of city officials. Maurice also testified that he had received some rent from the property. After the trial court ruled in favor of the Haires, Haynes went to the tax office, retrieved the redemption check, and left no funds in its place.

3

Legal and Factual Sufficiency

In issue one, Haynes contends that the evidence is legally and factually insufficient to support the judgment. Haynes argues that: (1) Vair had the right to redeem the property, timely redeemed the property, and used the redemption method authorized by section 34.21(f) of the Texas Tax Code; and (2) Vair substantially complied with section 34.21, tendered the redemption payment, and any deficiency in the redemption payment was *de minimis*. Under legal sufficiency review, we consider whether the evidence "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We view the evidence in the light most favorable to the verdict, credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Del Lago Ptnrs., Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010). Under factual sufficiency review, we consider and weigh all the evidence, and will set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Section 34.21 of the Tax Code provides, in pertinent part, that the owner of real property sold at a tax sale may redeem the property not later than the 180th

day following the date on which the purchaser's deed is filed for record by paying the purchaser (1) the amount the purchaser bid for the property, (2) the amount of the deed recording fee, (3) the amount paid as taxes, penalties, interest, and costs on the property, and (4) a redemption premium that may not exceed twenty-five percent of the aggregate total. Tex. Tax Code Ann. § 34.21(a), (e) (West Supp. 2014). The property owner may redeem the property by paying the required amount to the county tax assessor-collector, if the property owner makes an affidavit stating that: (1) the redemption period has not expired; and (2) the owner and the purchaser cannot agree on the amount of redemption money due. *Id*. § 34.21(f). The assessor-collector shall accept the assertions set out in the affidavit as true and correct and give the owner a signed receipt witnessed by two persons. *Id*. § 34.21(f-1). Once the receipt is recorded, it is notice to all persons that the property described has been redeemed. *Id*. The assessor-collector shall, on demand, pay the money received to the purchaser. *Id*.

Section 34.21 is liberally construed in favor of the right of redemption. *Jensen v. Covington*, 234 S.W.3d 198, 203 (Tex. App.—Waco 2007, pet. denied). An owner seeking to redeem property need only substantially comply with section 34.21. *Id*. The doctrine of *de minimis non curat lex* excuses negligible deviations from the law, such as when the redemption funds are less than the statutory amount

5

by a small sum of money. *See Mekhail v. Duncan-Jackson Mortuary*, *Inc.*, 369 S.W.3d 482, 485 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Assuming, without deciding, that Vair had the capacity to redeem the property and followed redemption procedures, we conclude that the redemption payment did not substantially comply with section 34.21. The redemption payment that Haynes tendered did not include the Haires' costs. "Costs" include the following pertinent items:

> (A) the amount reasonably spent by the purchaser for maintaining, preserving, and safekeeping the property, including the cost of:
>
> > (i) property insurance;
> >
> > (ii) repairs or improvements required by a local ordinance or building code or by a lease of the property in effect on the date of the sale;
> >
> > . . .
> >
> > (v) impact or standby fees imposed under the Local Government Code or Water Code and paid to a political subdivision[.]

Tex. Tax Code Ann. § 34.21(g)(2)(A)(i), (ii), (v) (West Supp. 2014). The owner may request that the purchaser provide a written itemization of all amounts spent by the purchaser as costs on the property. *Id*. § 34.21(i).

On appeal, Haynes argues that costs of $269.94 for garbage, $823.55 for water, $2,550 for the park manager's wages, $331.03 for water line repairs, $50 for

6

a permit, and $3298.59 for cleanup expenses were not recoverable. The record does not indicate that Haynes requested an itemization of the Haires' costs. At trial, Haynes stipulated to the following costs: (1) $269.94 for garbage; (2) $1,194.80 for water; (3) $1,800 for clean up; (4) $1,795.70 for equipment and tools; (5) $384.01 for water line repairs; and (6) $50 for permitting. He cannot challenge on appeal those costs to which he stipulated. *See Cooper v. Cochran*, 288 S.W.3d 522, 535-36 (Tex. App.—Dallas 2009, no pet.). Haynes also stipulated to the fact that the Haires paid $731.92 for insurance; however, Haynes testified that he did not believe it was reasonable for the Haires to obtain insurance on the property when he had already insured the property. Haynes admitted that he never told the Haires that the property was insured. Regardless, the statute expressly includes insurance as a recoverable cost. *See* Tex. Tax Code Ann. § 34.21(g)(2)(A)(i). The record does not demonstrate that $731.92 is an unreasonable amount to spend for maintaining, preserving, and safekeeping the property.

Accordingly, the evidence supports recoverable costs of $6,226.37. Using this amount, the redemption payment should have included the $53,000 purchase price, $6,226.37 in costs, and 25 percent of the aggregate for a total of $74,032.96. The tendered redemption payment was $7,782.96 short. This amount is not so insignificant a sum that it may be considered *de minimis*. *See Mekhail*, 369 S.W.3d

7

at 485; *see also* Black's Law Dictionary 464 (8th ed. 2004) (Defining "*de minimis*" to mean "[t]rifling; minimal[;]" "so insignificant that a court may overlook it in deciding an issue[.]"). Viewing the evidence in the light most favorable to the trial court's judgment, we conclude that the trial court could reasonably find that Vair failed to tender the required redemption payment and, consequently, Vair failed to substantially comply with section 34.21. *See Smith*, 307 S.W.3d at 770; *see also City of Keller*, 168 S.W.3d at 827. The evidence is not so weak, nor so against the great weight and preponderance of the evidence, as to render the judgment clearly wrong and unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242. We overrule issue one and need not address issue two, which challenges the attorney's fees award on the grounds that Haynes should have been the prevailing party in the trial court. *See* Tex. R. App. P. 47.1.

Judgment Against Haynes Individually

In issue three, Haynes argues that the trial court improperly entered judgment against him in his individual capacity. The record indicates that Haynes was before the trial court in his official capacity as sole manager of Vair. In its judgment, the trial court stated, "all relief requested by Plaintiffs/Counter-Defendants Stone Haynes and Vair Resources, LLC, shall be DENIED" and that "Stone Haynes and Vair Resources, LLC have no property rights" in the property.

As sole manager of Vair, Haynes had no personal interest in the property owned by Vair. *See* Tex. Bus. Orgs. Code Ann. § 101.106(b) (West 2012). Moreover, even as sole manager of Vair, a limited liability company, Haynes is bound by the judgment against Vair. *See Gator Licensing, LLC v. Mack*, Nos. 04-10-00610-CV & 04-10-00611-CV, 2011 Tex. App. LEXIS 6201, at *9 (Tex. App.—San Antonio Aug. 10, 2011, no pet.) (mem. op.). Because Haynes was not before the trial court in his individual capacity, has no rights in the property, and is bound by the judgment in his official capacity, we cannot say that the judgment binds Haynes individually or that Haynes would suffer any harm from the manner in which the judgment is phrased. *See Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (When passing upon the validity of a judgment, an appellate court must construe its provisions, if it can be done without violence to the language used, as to sustain the same.). We overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 29, 2014
Opinion Delivered October 23, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.

9