

# NUMBER 13-25-00650-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ALBERTO ESPINOZA A/K/A
ALBERTO MENDOZA ESPINOZA,                          Appellant,

v.

FGMS HOLDINGS, LLC AND
PROPEL FINANCIAL SERVICES,                          Appellees.

---

## ON APPEAL FROM THE 139TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# NUMBER 13-25-00660-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ALBERTO ESPINOZA

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Justices Silva, Cron, and Fonseca
### Memorandum Opinion by Justice Fonseca[1]

By notice of appeal filed in appellate cause number 13-25-00650-CV and by petition for writ of mandamus filed in appellate cause number 13-25-00660-CV, Alberto Espinoza a/k/a Alberto Mendoza Espinoza seeks to set aside a trial court order[2] that requires him to deposit $60,237.44 into the registry of the trial court under Texas Tax Code § 34.08. *See* TEX. TAX CODE § 34.08 (governing challenges to the validity of tax sales). We address both causes in a single memorandum opinion in the interests of judicial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This appeal and original proceeding arise from trial court cause number C-3848-23-C in the 139th District Court of Hidalgo County, Texas, and the respondent is the Honorable J. R. "Bobby" Flores. *See id.* R. 52.2.

economy and efficiency. In appellate cause number 13-25-00650-CV, we dismiss the appeal, and in appellate cause number 13-25-00660-CV, we conditionally grant the petition for writ of mandamus.

## I.     BACKGROUND

Espinoza filed a petition for bill of review challenging the validity of a tax sale involving a property located in Hidalgo County, Texas. On July 17, 2024, two of the defendants in Espinoza's lawsuit and appellees and real parties in interest herein, Propel Financial Services and FGMS Holdings, LLC (hereinafter the defendants), filed a motion to compel Espinoza to deposit funds into the registry of the trial court based on Texas Tax Code § 34.08. *See id.* These defendants alleged that Espinoza's lawsuit fell under the auspices of § 34.08, and thus Espinoza was required to deposit funds into the trial court's registry to commence his lawsuit against them. *See id.* They asserted that the tax judgment for the property at issue was $59,307.44 and the associated costs of the tax sale were $930.00, making the tax judgment plus the costs of the sale total $60,237.44. They requested the trial court to order Espinoza to deposit that amount into the registry. *See id.*

Many months later, on December 9, 2024, Espinoza filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond in Justice Court." *See* TEX. R. CIV. P. 145 (describing when the payment of costs is not required). In the Statement, Espinoza alleged that he did not receive needs-based public benefits and his total income consisted of $240 monthly from social security benefits. Espinoza stated that he possessed $50 in cash and $5 in other financial assets, and he identified other property that he owned as

3

a homestead valued at $100,000. He alleged that his monthly expenses were $150. He stated that his debts included a "$59,307.44 judgment against me for taxes was [sic] taken without notice to me and was part of a contract that I never signed." The defendants did not file a motion contesting Espinoza's Statement.

On December 16, 2024, the trial court held a hearing on the defendants' motion to compel. The hearing was not evidentiary. On December 2, 2025, almost a year later, the trial court signed an order granting the defendants' motion to compel Espinoza to deposit funds into the registry of the trial court. The trial court's order required Espinoza to deposit $60,237.44 into the registry of the court by a specified date, with those funds "to be held and later disbursed . . . depending on the outcome of this case." The order provided that "all claims" in the case would be dismissed with prejudice if Espinoza failed to make the deposit as ordered.

## II.    NOTICE OF APPEAL IN 13-25-00650-CV

On December 5, 2025, Espinoza filed a notice of appeal regarding the trial court's order. On December 8, 2025, the Clerk of the Court notified Espinoza that it appeared that the order at issue was not appealable, directed Espinoza to correct the defect if possible, and advised Espinoza that the appeal would be dismissed if the defect were not cured. *See* TEX. R. APP. P. 42.3(a).

On December 8, 2025, Espinoza filed an "Emergency Motion Contesting Order Granting Motion to Compel Deposit into Registry of the Court." Espinoza asserted, *inter alia*, that he had filed a Texas Rule of Civil Procedure 145 Statement establishing his inability to pay and the defendants had presented no evidence in opposition. *See* TEX. R.

4

CIV. P. 145(e). Espinoza further noted that the trial court's December 2, 2025 order failed to contain either detailed findings or a notice regarding the right to challenge the order as required by Rule 145. *See id.* R. 145(f)(2), (4). Espinoza thus asserted that the trial court's order was invalid. Espinoza requested that this Court consider his motion on an expedited basis, grant his motion, and vacate the order.

On December 10, 2025, we issued an order: (1) staying the trial court's December 2, 2025 order pending further review; (2) requesting the defendants to file a response to Espinoza's emergency motion; (3) stating that Espinoza's emergency motion would be carried with the case pending receipt and review of the defendants' response; and (4) allowing defendants to file jurisdictional briefing. On January 5, 2026, the defendants filed a combined motion to dismiss the appeal and response to Espinoza's motion for emergency relief. They asserted that the trial court's December 2, 2025 order did not constitute a final judgment and that no rule or statute allowed for an interlocutory appeal. The defendants requested the Court to vacate its stay order and dismiss the appeal for lack of jurisdiction.

As an appellate court, we have the obligation to examine our jurisdiction and may do so sua sponte. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). We have jurisdiction over appeals from final judgments and appeals from certain interlocutory orders when an appeal is specifically authorized by statute. *See Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025); *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024). The trial court's December 2, 2025 order requiring Espinoza to deposit funds into the registry of the court

5

is not a final judgment nor is it an appealable interlocutory order; therefore, we lack jurisdiction over Espinoza's appeal. *See Rush Truck Ctrs. of Tex., L.P.*, 718 S.W.3d at 237; *Harley Channelview Props., LLC*, 690 S.W.3d at 37.

We lift the stay previously imposed in the appeal. We deny Espinoza's "Emergency Motion Contesting Order Granting Motion to Compel Deposit into Registry of the Court." We grant the defendants' motion to dismiss the appeal, and we dismiss the appeal for lack of jurisdiction.

### III. PETITION FOR WRIT OF MANDAMUS IN 13-25-00660-CV

On December 12, 2025, Espinoza filed a petition for writ of mandamus asserting that the trial court abused its discretion by requiring him to deposit funds into the registry of the court because he had filed a Rule 145 Statement of inability to pay, and the defendants had not filed a motion contesting his allegations. *See* TEX. R. CIV. P. 145. Espinoza also filed a motion for emergency relief requesting the Court to vacate the order at issue.

The Court requested the defendants to file a response to the petition for writ of mandamus, and given the proceedings in the appeal, we dismissed Espinoza's emergency motion as moot.[3] The defendants filed a response presenting several arguments in favor of denying mandamus relief. They asserted that Espinoza failed to provide an adequate record; the trial court did not require a contest to indigency to set a hearing on their motion to require the deposit of funds; and Espinoza waived his complaint

---

[3] Espinoza has filed a motion asking the Court to withdraw this ruling, issue a stay order in the mandamus proceeding, and grant his motion to vacate the order at issue. Because we are conditionally granting relief on the merits in the mandamus proceeding, we dismiss this motion as moot.

6

about the lack of findings on indigency. The defendants later filed an advisory with the Court withdrawing their allegations that Espinoza failed to file a complete record.

## A.       Standard of Review

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

## B.       Texas Tax Code § 34.08 and Texas Rule of Civil Procedure 145

"Section 34.08 of the Texas Tax Code allows a party to file an action challenging the validity of a tax sale." *Mekhail v. Duncan-Jackson Mortuary, Inc.*, 369 S.W.3d 482, 484 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, § 34.08(a) also provides that:

> (a)     A person may not commence an action that challenges the validity of a tax sale under [Chapter 34] unless the person:
>
> > (1)     deposits into the registry of the court an amount equal to the amount of the delinquent taxes, penalties, and interest

specified in the judgment of foreclosure obtained against the property plus all costs of the tax sale; or

(2) files an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure.

TEX. TAX CODE § 34.08(a). The failure to either make the required deposit or file an affidavit of inability to pay bars the owner's lawsuit. *See Roberts v. T.P. Three Enters., Inc.*, 321 S.W.3d 674, 677 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (collecting cases). "[A] due process violation occurring after an owner fails to pay taxes on its property does not excuse the owner from having to deposit those taxes in order to pursue a suit to recover the property." *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 195 (Tex. 2022). However, "an owner deprived of due process is entitled to notice of the amount to be deposited and an opportunity to make the deposit or file an affidavit before its suit is dismissed." *Id.* In this regard, the amount of the required deposit includes "all costs of the tax sale." TEX. TAX. CODE § 34.08(a)(1); *see Mitchell*, 649 S.W.3d at 195; *Map Res., Inc. v. Mitchell*, 706 S.W.3d 924, 934–35 (Tex. App.—El Paso 2024, no pet.) (reviewing the case after remand from the Texas Supreme Court).

Section 34.08 allows a party who is challenging the validity of a tax sale to file an affidavit of inability to pay under Texas Rule of Civil Procedure 145 instead of making a deposit into the registry of the court. *See* TEX. TAX. CODE § 34.08(a)(2); TEX. R. CIV. P. 145. Under Rule 145, "[a] party who cannot afford payment of court costs must file the Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information." TEX. R. CIV. P. 145(b). The party "should" also submit with the statement "any available evidence" of the party's

8

inability to afford the payment of costs, and some specified matters listed in the rule provide prima facie evidence of the inability to pay. *Id.* R. 145(d)(1)–(3).

A statement of inability to pay that is uncontested in the trial court is conclusive as a matter of law. *See Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016); *Equitable Gen. Ins. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984); *Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 38 (Tex. App.—San Antonio 2022, no pet.); *Abrigo v. Ginez*, 580 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2019, no pet.). "It is an abuse of discretion for any judge . . . to order costs in spite of an uncontested affidavit of indigence." *Campbell*, 487 S.W.3d at 152; *see Strickland*, 668 S.W.3d at 38; *Abrigo*, 580 S.W.3d at 419.

The clerk, court reporter, or a party may file a motion to require the declarant to pay costs; however, any such motion "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." TEX. R. CIV. P. 145(e)(1). Alternatively, the trial "court on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs or when an officer or professional must be appointed in the case." *Id.* R. 145(e)(2). Rule 145 further provides in relevant part that:

> When a Statement has been filed, the declarant must not be ordered to pay costs unless these procedural requirements have been satisfied:
>
> (1)  *Notice and Hearing.* The declarant must not be required to pay costs without an oral evidentiary hearing. The declarant must be given 10 days' notice of the hearing. Notice must either be in writing and served in accordance with Rule 21a or given in open court. At the hearing, the burden is on the declarant to prove the inability to afford costs.

(2)     *Findings Required*. An order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs.

(3)     *Partial and Delayed Payment*. The court may order that the declarant pay the part of the costs the declarant can afford or that payment be made in installments. But the court must not delay the case if payment is made in installments.

(4)     *Order Must State Notice of Right to Appeal*. An order requiring the declarant to pay costs must state in conspicuous type: "You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. See Texas Rule of Civil Procedure 145."

*Id.* R. 145(f). A declarant may not be required to pay costs if these procedural requirements are not met. *See Strickland*, 668 S.W.3d at 36 ("A party who files a statement of inability to afford costs cannot be required to pay costs . . . unless certain procedural requirements have been satisfied."); *Emerson v. Holly Lake Ranch Ass'n*, 603 S.W.3d 172, 174 (Tex. App.—Texarkana 2020, no pet.) (stating that "a party who files a Statement may not be required to pay court costs unless the trial court holds an oral evidentiary hearing, with proper notice given to the declarant").

If the trial court holds a hearing on a statement, the declarant bears the burden of proving the inability to afford costs. *See* TEX. R. CIV. P. 145(f)(1); *Strickland*, 668 S.W.3d at 36; *Emerson*, 603 S.W.3d at 174. "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (per curiam) (quoting *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008)); *see Strickland*, 668 S.W.3d at 36; *Emerson*, 603 S.W.3d at 174.

10

**C.      Analysis**

Espinoza alleges that the trial court abused its discretion by ordering him to deposit funds into the court's registry because Espinoza had filed a statement of inability to pay under Texas Rule of Civil Procedure 145, the defendants did not challenge that statement, and the trial court did not make findings that Espinoza could afford to pay costs.

Here, rather than depositing funds into the trial court's registry, Espinoza filed a Rule 145 Statement. *See* TEX. R. CIV. P. 145. Neither the defendants, nor the clerk, nor the court reporter filed a motion with sworn evidence to require Espinoza to pay costs. *See id.* R. 145(e)(1). The record contains no indicia that the trial court sua sponte sought to require Espinoza to prove the inability to pay. *See id.* R. 145(e)(2). Espinoza did not receive the required ten days' notice of hearing on his statement, *see id.* R. 145(f)(1), and the trial court did not hold the mandatory evidentiary hearing on Espinoza's statement. *See id.* Nevertheless, the trial court ordered Espinoza to deposit funds into the registry of the court.

We turn our attention to the defendants' arguments. The defendants assert that Espinoza waived any error because "[t]ender of the money or filing of the indigency statement was a pre-condition to . . . filing suit—in other words, [Espinoza] was required to file the statement at the time he filed the lawsuit." The defendants thus contend that they were not "required to cancel their hearing and file a formal contest to the statement of indigency."

As stated previously, § 34.08(a) expressly provides that "[a] person may not commence an action that challenges the validity of a tax sale" unless that person files a

deposit or a Rule 145 affidavit. TEX. TAX CODE § 34.08(a). However, in *Mitchell*, the Texas Supreme Court considered the provisions of § 34.08 and held that "an owner deprived of due process is entitled to notice of the amount to be deposited and an opportunity to make the deposit or file an affidavit before its suit is dismissed." *Mitchell*, 649 S.W.3d at 195. In this regard, we note that a party commencing an action to challenge a tax sale will probably not be able to determine the amount comprising "all costs of the tax sale" at the inception of the lawsuit. In any event, under the applicable law, a party can cure a § 34.08 deficiency in its filing. *See id.*; *see also Map Res., Inc.*, 706 S.W.3d at 935 ("In our view, the [Texas] Supreme Court simply extended the Mitchells' deadline to comply with § 34.08(a), allowing them to comply after rather than before commencing suit, but did not exempt them from the deposit requirement altogether."). Accordingly, we reject the defendants' contention that Espinoza waived his right to file the statement by failing to file it contemporaneously with his petition.

The defendants next assert that Espinoza's statement was insufficient and he did not attach prima facie evidence thereto; therefore, he did not "trigger the need for a contest." The defendants cite no authority in favor of these propositions. Espinoza's statement was provided on a form previously approved by the Texas Supreme Court. *See* Misc. Docket No. 16-9122 (Tex. Aug. 31, 2016).[4] Espinoza completed the statement in its entirety and declared under penalty of perjury that the statement was true and correct

---

[4] The Texas Supreme Court updated this form in a bilingual format in 2022. *See* Misc. Docket No. 22-9090 (Tex. Oct. 20, 2022). There was no objection in the trial court to Espinoza's use of the previous form. *See* TEX. R. APP. P. 33.1(a); *see also White v. Brittany Lakes Homeowners Ass'n, Inc.*, No. 14-23-00964-CV, 2024 WL 1633767, at *2 n.1 (Tex. App.—Houston [14th Dist.] Apr. 16, 2024, no pet.) (per curiam) (mem. op.). In any event, the forms are substantially similar.

12

and that he could not afford to pay court costs. The clerk of the trial court did not return Espinoza's affidavit for correction. *See* TEX. R. CIV. P. 145(c)(2) (providing that the clerk "may return a Statement for correction only if it is not sworn—not for failure to attach evidence or any other reason"). Because Espinoza's statement was sworn, any alleged defects or omissions therein do not provide grounds for refusing to file the statement or otherwise requiring the payment of costs. *See Abrigo*, 580 S.W.3d at 420. Thus, contrary to the defendants' assertions, Espinoza's statement was sufficient to invoke the protections of Rule 145. *See* TEX. R. CIV. P. 145(c)(2); *Abrigo*, 580 S.W.3d at 420.

## D.    Summary

Espinoza's statement of inability to pay was uncontested in the trial court and therefore conclusive as a matter of law. Thus, it was an abuse of discretion for the trial court to order Espinoza to make the deposit. *See Campbell*, 487 S.W.3d at 152; *Strickland*, 668 S.W.3d at 38; *Abrigo*, 580 S.W.3d at 419.

Espinoza asserts that he lacks an adequate remedy by appeal, and the defendants do not assert otherwise. If the trial court had issued an order denying Espinoza's indigent status under Rule 145, Espinoza would have had the right to "challenge that order by motion filed in the court of appeals with jurisdiction over an appeal from the judgment in the case." *See* TEX. R. CIV. P. 145(g)(1). However, as stated previously, the trial court did not address Espinoza's Rule 145 statement.

We have previously determined that Espinoza has no right to appeal from the trial court's order requiring him to deposit funds into the registry of the court under Texas Tax Code § 34.08. Balancing the benefits of mandamus review against the detriments, we

13

conclude that any remedy by appeal or by motion under Rule 145(g)(1) after a final judgment has been rendered would be inadequate and would fail to protect the substantive rights provided by Rule 145. *See In re Auburn Creek Ltd. P'ship*, 655 S.W.3d at 843; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Accordingly, we sustain the sole issue presented in this original proceeding.

## IV. CONCLUSION

We dismiss the appeal in our appellate cause number 13-25-00650-CV for lack of jurisdiction. We conditionally grant the petition for writ of mandamus in our appellate cause number 13-25-00660-CV. We direct the trial court to vacate its December 2, 2025 order and to proceed in accordance with our memorandum opinion. Our writ will issue only if the trial court fails to promptly comply.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
26th day of January, 2026.

14